IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELEN L. HARRIS,                )
                                )
            Plaintiff,          )
                                )
      v.                        )   No. 05 C 2576
                                )
JOANNE B. BARNHART, Commissioner )
of Social Security, as head of  )
Social Security Administration, )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Helen Harris, who was born in January 1941, submitted a claim for disability insurance benefits alleging that she has been disabled since September 25, 2001. Plaintiff has past relevant work as a Chicago Transit Authority ("CTA") street corner bus supervisor or monitor, which required occasional bus operation. Previously, she had also been a bus operator. Following a hearing, the Administrative Law Judge ("ALJ") found that plaintiff was not disabled because she could still perform her past relevant light work as a street corner bus supervisor. See Smith v. Barnhart, 388 F.3d 251, 252 (7th Cir. 2004). Plaintiff appeals, raising two issues. Plaintiff contends that

the ALJ failed to consider that her actual work as a CTA street corner bus supervisor included driving a bus, which requires a higher or medium exertional level that she is not capable of performing. Plaintiff also contends that the ALJ failed to adequately consider the impact of, or find credible, her condition requiring frequent access to a toilet or bathroom.

The record supports that, on September 25, 2001, plaintiff had to stop working after 23 years of employment because she was involved in a vehicular accident. The accident itself did not have a lasting impact on plaintiff's ability to work. However, x-rays taken following the accident disclosed an ovarian cyst. The cyst was surgically removed, which incapacitated her during the recovery period. When she was released from the hospital, however, plaintiff became ill with additional symptoms. It was eventually determined that she had a bowel obstruction which required further surgery. On November 21, 2001, plaintiff had a bowel resection. Thereafter, plaintiff experienced from six to eight bowel movements a day. A chronic diarrhea diagnosis is included in medical records from the first part of 2002 and mentioned in a September 2002 medical report. A September 2003 medical report states plaintiff continues to have colitis and hypertension which have not been controlled for years. Administrative Record ("A.R.") at 177.

There is no express mention of diarrhea in the September 2003 report. Id.

At the October 2, 2003 hearing before the ALJ, plaintiff testified that she could not work because being a bus supervisor required being out in the field where bathroom facilities were not available. She testified that she continued to have two to six bowel movements a day, but usually six. A.R. 203, 207. The parties, ALJ, and witnesses continued to refer to this condition generically as diarrhea. When asked by the ALJ whether her condition has changed from how it was after surgery, plaintiff testified: "The only thing that has changed, Judge--the frequency is still there. It's just that I don't have the same amount of diarrhea as I had in the beginning. But the frequency is there, yeah." Id. at 203. The only reasonable understanding of this testimony is that, as of that time, plaintiff continued to have frequent bowel movements, but not ones that were loose. Plaintiff also testified that she attempted to limit the effect on her bowel movements by choosing foods less irritating to her stomach. Id. at 209-10. When asked about potassium, plaintiff testified that, on her physician's instructions, she eats bananas, a source of potassium. Id. at 208. Plaintiff's son also provided telephonic testimony supporting plaintiff's testimony that plaintiff has frequent bowel movements. Id. at 86.

The ALJ accepted that treatment records confirmed that, approximately four months after the surgery, frequent bowel movements of six to eight times a day were still occurring. A.R. 13. The ALJ noted that plaintiff had testified that she needed frequent access to a toilet. Id. at 14. Applying the customary five-step analysis for a disability determination, see Boiles v. Barnhart, 395 F.3d 421, 424 (7th Cir. 2005); Sienkiewicz v. Barnhart, 409 F.3d 798, 802 (7th Cir. 2005), the ALJ determined at step three that plaintiff did not have an impairment that was severe enough to meet or exceed a listed impairment. In making the step-three determination, the ALJ found that plaintiff's testimony about her bowel movements was not fully credible, a finding that the ALJ apparently also applied at step four. In finding plaintiff's testimony not fully credible, the ALJ primarily relied on a medical expert's testimony regarding post-operative diarrhea and the effects of continued diarrhea. See A.R. at 14, 15. See also id. at 210-11. The ALJ stated:

> The medical expert testified that the claimant's diarrhea is due to the surgery. It is normal for this to continue for at least six months to one year after a bowel resection. Also when you have chronic diarrhea your potassium is low and there is no evidence that the claimant is taking any potassium or that it is low. Also there is no evidence of dehydration.

A.R. at 14.

The ALJ's basis for rejecting plaintiff's testimony is not supported by the record. Plaintiff testified that, as of October 2003, she had frequent bowel movements, not watery or even loose bowel movements. Thus, plaintiff was not testifying that she had the type of frequent bowel movements that would necessarily cause dehydration. Even if frequent bowel movements or somewhat loose stools could cause a loss of potassium, the record does not support that plaintiff took no potassium. Plaintiff testified that she followed her physician's instruction to eat bananas. The medical expert testified regarding blockages and post-surgical conditions that could cause diarrhea in the form of loose stools; he did not testify that continued frequent bowel movements were necessarily inconsistent with plaintiff's medical history as shown by the medical records. See A.R. at 210-11. The medical expert focused on whether plaintiff's impairment satisfied any listing. See id. at 211.

The ALJ's basis for finding plaintiff not to be fully credible regarding her bowel movements is not supported by the record. Presumably, the ALJ was relying on inconsistent medical evidence, but this presumption is not supported. Plaintiff's medical evidence showing bowel problems is entirely consistent with her testimony, the testimony of her son, and the action of the CTA in determining that she could not continue to perform her work as a street corner monitor and occasional bus driver. It is

also relevant to the credibility finding that plaintiff is a 23-year employee of the CTA who was found to be disabled by her employer based on the same medical evidence and facts as presented to the ALJ.[1] There must be, and there is not, an evidentiary basis to reject her testimony as not credible. The ALJ's finding that plaintiff's frequent bowel movements ended within one-year of the onset of her disability, A.R. at 14, is not supported by the record.

---

[1] While not binding, the employer's or a state agency's disability determination is relevant and generally should be distinguished if the ALJ is finding the claimant can perform her past relevant work whereas the employer or state agency found that she could not. See 20 C.F.R. §§ 404.1504, 404.1512(b)(5); Smith v. Secretary, Health, Education & Welfare, 587 F.2d 857, 861-62 (7th Cir. 1978); Grogan v. Barnhart, 399 F.3d 1257, 1262-63 (10th Cir. 2005); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001); Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000); Kirby v. Sullivan, 923 F.2d 1323, 1327 (8th Cir. 1991); Jones v. Barnhart, 2005 WL 2033383 *9 (E.D. Pa. Aug. 23, 2005); Welch v. Barnhart, 337 F. Supp. 2d 929, 935 (S.D. Tex. 2004); Quigley v. Barnhart, 224 F. Supp. 2d 357, 368 & n.7 (D. Mass. 2002); Marsh v. Apfel, 23 F. Supp. 2d 1073, 1079 (D. Minn. 1998); Goldstein v. Apfel, 1998 WL 99562 *8 n.12 (S.D.N.Y. March 5, 1998); Mann v. Chater, 1997 WL 363592 *8 (S.D.N.Y. June 30, 1997). But see Clifford v. Apfel, 227 F.3d 863, 874 (7th Cir. 2000) ("However, the ALJ is not bound by findings made by either a governmental or nongovernmental agency concerning whether the claimant is disabled. See 20 C.F.R. § 416.904. As we stated earlier, the ALJ must independently determine if a claimant is "disabled" as defined solely in the Social Security Act. See Books v. Chater, 91 F.3d 972, 979 (7th Cir. 1996). Therefore, the ALJ is not required to (but may) consider the disability finding of other agencies.") Clifford does not consider 20 C.F.R. § 416.912(b)(5), Smith, supra, nor the contrary decisions of other Courts of Appeal.

The vocational expert testified that a bus supervisor position, either at the CTA or as otherwise found in the economy, could not be performed by plaintiff if she required the access of a bathroom to accommodate frequent bowel movements. A.R. at 216. The ALJ's step four finding that plaintiff could perform her past relevant work is not supported by substantial evidence.

Alternatively, plaintiff contends that the ALJ failed to consider that plaintiff could not perform the medium exertion work of a bus driver that was part of her otherwise light work bus supervisor position with the CTA. That issue need not be considered because the ALJ's finding that plaintiff could perform the bus supervisor position is otherwise unsupported by substantial evidence. It is noted, though, that the determination is to be based on the requirements of the position as generally performed in the economy, not simply based on the particular requirements of the claimant's employer. Smith, 388 F.3d at 253. No opinion is expressed as to whether the ALJ's findings were otherwise deficient because based on the oversimplification of classifying the bus supervisor position as light work and plaintiff's residual functional capacity as at the light level without considering the specifics of a bus supervisor position and plaintiff's impairment.

Because the ALJ found, at step four, that plaintiff could perform her past relevant work, he never considered the step-five

determination of whether, in the economy, there is other available work that plaintiff can perform. See Smith, 388 F.3d at 251. The case will be remanded for a step-five determination.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [13] is denied. Plaintiff's motion for summary judgment [10] is granted. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant vacating the decision of the Commissioner and remanding this case for further proceedings.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 3, 2005