IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELEN L. HARRIS, )
 )
          Plaintiff, )
 )
v. ) No. 05 C 2576
 )
JoANNE B. BARNHART, Commissioner )
of Social Security, )
 )
          Defendant. )

## MEMORANDUM OPINION AND ORDER

This court previously held that substantial evidence did not support the Commissioner's determination that plaintiff was not entitled to disability benefits. See Memorandum Opinion and Order dated Nov. 3, 2005 ("Opinion"). Specifically, the finding that plaintiff could perform her past relevant work was not supported by substantial evidence in that the Administrative Law Judge ("ALJ") improperly rejected evidence that plaintiff required access to a bathroom to accommodate frequent bowel movements. See Opinion at 3-7. This largely resulted from a failure to distinguish between evidence of diarrhea (loose bowel

movements) and evidence concerning frequent bowel movements. See id. at 3-5. The ALJ's step four determination regarding past relevant work was overturned, but the case had to be remanded for further proceedings because the ALJ had not yet considered step five, whether plaintiff could perform other available work in the economy. See id. at 7-8. Plaintiff has moved for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA provides that attorney fees may be awarded where: (1) the claimant was a "prevailing party;" (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application. 28 U.S.C. § 2412(d)(1)(A); Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006); Krecioch v. United States, 316 F.3d 684, 687 (7th Cir. 2003). The Commissioner only disputes that plaintiff meets the second prong. In order for the Commissioner's position to be substantially justified, the position must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and the Commissioner's legal theory. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Cunningham, 440 F.3d at 864; Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006); Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). The reasonableness of both the Commissioner's prelitigation and

litigation conduct is considered, with one determination being made for the case as a whole. Conrad, 434 F.3d at 990. The Commissioner bears the burden of proving that her position was substantially justified. Cunningham, 440 F.3d at 864; Golembiewski, 382 F.3d at 724.

The Commissioner argues that her position was substantially justified because there was no medical report expressly stating that plaintiff needed a job with ready access to a bathroom. The Commissioner also contends her position should not be found unreasonable where plaintiff was not receiving much medical treatment during the pertinent time period. Without contending that plaintiff was not a prevailing party, the Commissioner also points out that plaintiff was not actually awarded benefits because the case was remanded for further proceedings. The law is clear, however, that a disability claimant can be a prevailing party even though the case was remanded for further consideration. Shalala v. Schaefer, 509 U.S. 292, 296-97 & n.1 (1993); Raines v. Shalala, 44 F.3d 1355, 1362 (7th Cir. 1995); Porter v. Barnhart, 2006 WL 1722377 *1 (N.D. Ill. June 19, 2006).

The evidence that was ignored or rejected was not evidence that plaintiff had urgent needs to rush to a bathroom, just that she had to go frequently. The ALJ failed to

- 3 -

distinguish those two needs which resulted in the ALJ rejecting plaintiff's testimony. The Commissioner's present argument again fails to fully acknowledge the distinction. Plaintiff testified about her continued need to use the bathroom a certain number of times a day; there was no medical evidence to the contrary in the record; and there was no dispute that plaintiff's past relevant work was out in the field where there was not regular access to a bathroom. There was express testimony from a vocational expert that the prior relevant work could not be performed if access to a bathroom was necessary to accommodate frequent bowel movements. The Commissioner's position in this case, both before the ALJ and in this court, necessarily depended on failing to distinguish between urgent, loose bowel movements and frequent bowel movements. That is not a reasonable position to take. Therefore, the Commissioner's position was not substantially justified and plaintiff is entitled to EAJA fees. The Commissioner does not object to the amount of fees that has been requested.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees under the Equal Access to Justice Act [20] is granted. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of

$4,500.00 in attorney fees. Defendant is to pay this judgment directly to plaintiff's attorney, August G. Garcia.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 27, 2006